**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SANJU SANJU,

Petitioner,

v. Case No. 1:26-cv-002154 KWR-SCY

WARDEN, *Otero County Processing Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Petitioner asserts that his due process rights were violated when he was not provided notice of the termination or revocation of his order of release on recognizance under 8 U.S.C. § 1226(a). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of India detained by ICE at the Otero County Processing Center. He entered the United States on September 14, 2022. On March 3, 2023, Petitioner was conditionally paroled pursuant to an order of release on recognizance under 8 U.S.C. § 1226(a). Petitioner was subsequently arrested pursuant to a warrant under § 1226, which was served on Petitioner on February 16, 2026. Doc. 6-1 at 1.

This is Petitioner's second habeas petition filed in this district challenging his immigration detention. On April 28, 2026, this court ordered a bond hearing under 8 U.S.C. § 1226(a). A bond hearing was held on May 1, 2026, but Petitioner was not released.

Petitioner asserts that "[t]his Petition is solely based on Petitioner's due process rights that were violated when he was not provided any notice of termination and/or revocation of his Order of Release on Recognizance ("**OR**") at the time of re-re-detention on February 16, 2026." Doc. 1 at 2. Respondents oppose the Petition, asserting that Petitioner's second habeas petition is an abuse of the writ, and alternatively, his due process rights were not violated as his conditional parole under § 1226(a) was violated. Respondents' response was filed on July 20, 2026. Petitioner did not file a reply or request for leave to file a reply, therefore it appears this matter is fully briefed.

## DISCUSSION

### I. <u>Abuse of the writ</u>.

Respondents assert that Petitioner's second petition should be dismissed for abuse of the writ. Petitioner filed a previous petition challenging his immigration detention in this district, which was denied. In his Petition, Petitioner asserted that the abuse of the writ doctrine does not apply. For the reasons stated below, the Court dismisses this second habeas case for abuse of the writ.

Petitioner asserts that the abuse of the writ doctrine does not apply, as 28 U.S.C. § 2244 does not apply to petitions under § 2241. Section 2244 provides a statutory bar for certain petitions that present a claim previously raised and adjudicated and those that raise a new claim. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Given that § 2244 applies to petitioners who are detained "pursuant to a judgement of a court" and Petitioner is not detained pursuant to any court judgment, *see* § 2244(a); *see also* 28 U.S.C. § 2254, the Court relies on "the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition," *Stanko*, 617 F.3d at 1270. While § 2244(a) codifies the judicially-developed principles of successive and abusive uses of the writ, "the Supreme Court concluded that Congress did not intend § 2244 'to change the law as judicially evolved.'" *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Thus, although § 2244 does not apply to Petitioner's situation, the underlying judicially-developed principles do.

The successive-use-of-the-writ doctrine authorizes "a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *United States v. Miles*, 923 F.3d 798, 803 (10th Cir. 2019) (quoting *Stanko*, 617 F.3d at 1269). The ends-of-justice exception requires a showing "that the alleged error 'probably has caused the conviction of one innocent of the crime,' thereby 'implicating a fundamental miscarriage of justice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991)).

The abuse-of-the-writ doctrine authorizes "a court to decline to hear a second or subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not." *Id.* (quoting *Stanko*, 617 F.3d at 1269). If the new claim was not raised in the earlier petition, "the petitioner must establish that the omission was not the result of inexcusable neglect in order to

proceed on the new claim." *Id.* This requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim" or counsel had been "constitutionally ineffective." *Id.* (quoting *McCleskey*, 499 U.S. at 493–94). The bar can also be overcome if the petition comes within the "miscarriage-of-justice exception" by making "a proper showing of actual innocence." *Id.* at 803–04 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "A 'proper showing' to overcome either bar requires 'new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 804 (quoting *McQuiggin*, 569 U.S. at 395. "New evidence" is "relevant evidence that was either excluded or unavailable at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Here, this is Petitioner's second habeas petition challenging his detention by ICE. In his first habeas case, the Court concluded that Petitioner failed to carry his burden on his due process claim. *Sanju v. Castro*, No. 2:26-CV-00497-KWR-JMR, 2026 WL 1146639, at *7, 8 (D.N.M. Apr. 28, 2026). There does not appear to be any significant factual change between his first and second petition. Rather, Petitioner asserts that his due process claim was raised in his first habeas case but unadjudicated. As explained above, however, the Court found that Petitioner failed to carry his burden. Petitioner addressed abuse of the writ in his Petition, but did not explain why an ends-of-justice or miscarriage of justice exception applies here. Therefore, the Court dismisses this case for abuse of the writ.

## II. **Petitioner failed to demonstrate a due process violation based on the revocation of his conditional parole.**

Alternatively, the Court would reject Petitioner's due process claim. Petitioner asserts that "[t]his Petition is solely based on Petitioner's due process rights that were violated when he was not provided any notice of termination and/or revocation of his Order of Release on Recognizance

("**OR**") at the time of re-re-detention on February 16, 2026." Doc. 1 at 2. Respondents assert that Petitioner's conditional parole under § 1226(a) was properly revoked pursuant to a warrant, which was served on Petitioner. For the reasons explained in *Paposhvili v. Mullin*, No. 2:26-CV-00961-KWR-GJF, 2026 WL 1816176 (D.N.M. June 24, 2026), which the Court incorporates herein, the Court rejects Petitioner's claim.

"On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." § 1226(b). As explained in *Paposhivili,* here Petitioner was appropriately detained pursuant to a warrant that was signed and served. Doc. 6-1 at 1. The warrant includes a certificate of service on Petitioner. Petitioner fails to explain how this was deficient notice.

Petitioner does not expressly raise a claim challenging whether his conditional parole was revoked following an individualized determination, and the Court does not *sua sponte* raise such a claim on his behalf.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE